WALTER STRUSBURGH, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Where an assessment for a local improvement in the city of New York, valid upon its face, and an apparent lien upon the lands assessed, but which is in fact by reason of facts *dehors* the record illegal and void in

part, is paid by the owner of the lands in ignorance of the illegality, he may, on discovery thereof, maintain an action in equity against the municipality to set aside the assessment as to the illegal excess, and to recover back the same.

(Argued December 14, 1881; decided January 17, 1882.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 1, 1879, which affirmed a judgment in favor of defendant, entered upon an order of Special Term, sustaining a demurrer to plaintiff's complaint. (Reported below, 13 J. & S. 508.)

The complaint alleged in substance that plaintiff was the owner of certain lands situate in the late town of Morrisania, now part of the city of New York; that an assessment was imposed by the board of trustees of said town upon his lands for a local improvement; that the assessment was valid on its face, and constituted an apparent lien upon said lands, but the same was actually void in whole or in part, by reason of the facts that the work was done under a contract by which the contractor agreed to do the grading required for forty-five cents per cubic yard; that he was in fact paid seventy cents per cubic yard, and the sum so paid was included in the assessment; that the illegal excess so paid was $6,666.50; that no knowledge of said illegality could be obtained by an inspection of the assessment-roll, or of the papers thereto attached, nor would the same appear in any proceedings to enforce the lien of the assessment; that plaintiff, being ignorant of said illegality, paid said assessment; that by virtue of an act of the legislature, the said town was annexed to and became part of the city of New York, the latter thereby becoming liable and subject to all of its debts, obligations and liabilities, including the cause of action set forth in the complaint. The relief sought was that the assessment be declared invalid, and be reduced to the extent of the over payment, and that plaintiff recover back the illegal excess so paid by him.

*Alex. B. Johnson* for appellant. The assessors exceeded their jurisdiction in assessing upon the property an amount

greater than the actual expense of the improvement, and upon discovery of the mistake, an action will lie to recover the difference. (*Newman* v. *Sup'vrs of Livingston Co.*, 45 N. Y. 676; *Chapman* v. *City of Brooklyn*, 40 id. 372; *Horn* v. *Town of New Lots*, 83 id. 100.) An assessment valid on its face has the force of a judgment, and a party paying such an assessment does so under coercion of law. (*Peyser* v. *Mayor*, 70 N. Y. 497.) There has been such a change in the position and rights of the parties as entitles plaintiff to recover in this action. (*In re Santiago Lima*, 77 N. Y. 170; Laws of 1874, chap. 312; Laws of 1880, chap. 550.) This action, although one for money had and received, is in the nature of an equitable action. (*Long* v. *Bussell*, 45 N.Y. Supr. 434; *Lazell* v. *Miller*, 15 Mass. 207; *Moses* v. *McFerlan*, 2 Burrows, 1009, 1012.) If a trustee or agent makes an over payment on account of the principal, the principal on discovery of the fact can maintain an action for its recovery. (*B. & S. R. R. Co.* v. *Faunce*, 6 Gill [Md.], 68.) An attack upon the assessment would not depend in any manner upon the results of defendants' action upon the judgment. (*Kingston Bk.* v. *Eltinge*, 40 N. Y. 391.)

*D. J. Dean* for respondent. The commissioners and trustees, by whom the assessment in question was made, had jurisdiction of the plaintiff's property, and legal power to assess the same for such proportion of the expense incurred, as in their judgment was his proportion of benefit derived therefrom. (Laws of 1864, chap. 277, § 47, etc., p. 661.) No action can be maintained against the recipient of money collected in satisfaction of a tax or assessment, imposed by assessors having jurisdiction to recover such money, unless the tax or assessment has been first reversed, vacated or set aside. (Laws of 1864, chap. 277, §§ 48, 49, 50, 51; Laws of 1858, chap. 338; *Swift* v. *Poughkeepsie*, 37 N. Y. 511.) No action will lie against the officers making an illegal assessment or against the city. (*Lorillard* v. *Monroe*, 11 N.Y. 393; *Chegary* v. *Jenkins*, 1 Seld. 376; *Chegary* v. *The Mayor*, 3 Kern. 220; *Foster* v. *Van Wyck*, 4 Abb. [N. S.] 460; *Vail* v. *Owen*, 19 Barb. 22;

*Swift* v. *Poughkeepsie,* 37 N. Y. 514; *Bk. of Commonwealth* v. *The Mayor,* 43 id. 184; *Peyser* v. *The Mayor,* 70 id. 497; *N. Y. C. R. R.* v. *Marsh,* 12 id. 308; *Wilkes* v. *The Mayor,* 79 id. 621; *Marsh* v. *Brooklyn,* 59 id. 280.)

EARL, J. Three propositions may be regarded as established in the law as to taxation and assessments, by the courts of this State: First, An action in equity to vacate an assessment and restrain its collection cannot be maintained merely because the assessment is for any reason invalid or illegal. (*Heywood* v. *City of Buffalo,* 14 N. Y. 534; *Guest* v. *City of Brooklyn,* 69 id. 506.) This has its foundation principally in public policy. It would lead to great embarrassment and inconvenience if the collection of taxes and assessments were to be delayed by such actions. Second, An action at law cannot be maintained to recover back money paid upon an illegal assessment which the assessors had jurisdiction to impose, and which is not void upon its face, so long as the assessment remains unvacated and unreversed. (*Swift* v. *City of Poughkeepsie,* 37 N. Y. 511; *Bank of Commonwealth* v. *The Mayor,* 43 id. 184; *Marsh* v. *City of Brooklyn,* 59 id. 280; *Peyser* v. *The Mayor,* 70 id. 497; *Wilkes* v. *The Mayor,* 79 id. 621.) This is so because the action of the assessors is regarded as judicial, and because the assessment is regarded as in the nature of a judgment which cannot be attacked collaterally. The money paid upon the assessment in such a case is treated as if collected by virtue of a valid judgment which can be retained until the judgment is vacated or reversed. Third, An action can be maintained to vacate an assessment which is a lien upon land, and thus a cloud upon title, when the assessment is in fact invalid, and the invalidity does not appear upon the face of the assessment, and will not necessarily appear in any proceeding taken by a purchaser, under the tax sale for non-payment of the assessment, to recover possession of the land. This is so, because in such a case the action comes under one of the recognized heads of equity jurisprudence.

Upon the facts alleged in the complaint in this action, if the

assessment remained unpaid, it is conceded that an action could be maintained by the plaintiff to vacate it as a cloud upon his title; but by payment, it has ceased to be a cloud, and hence no action is needed, or can be maintained, to vacate it on that ground.

The assessment has not been vacated, and hence, if this were merely an action at law to recover back the money paid upon the assessment, as it was assumed to be in the court below, it could not be maintained. But this action is in equity, and the relief prayed is for judgment declaring the assessment invalid to the extent of the over-payment claimed by the plaintiff, and then to recover the amount of such over-payment. Why may not such an action be maintained? There is no case to be found in the books holding that it cannot be. There can be no objection that both kinds of relief are sought in the same action. In that respect, it is analogous to an action in equity to reform a written instrument and then enforce it as reformed, and such actions have been frequently sanctioned by this court. Here is a case where it is conceded that the plaintiff is equitably and justly entitled to the sum which he seeks to recover. The only obstacle in his way is the unvacated assessment. That obstacle, without any fault of his, he cannot overcome or remove in an action or proceeding at law. No degree of vigilance which could have been expected or required of him would have enabled him before payment to discover the illegality in the assessment. Unless, then, he can have equitable relief, there will be a wrong without a remedy — an absolute failure of justice. Upon general principles of equity, then, we think he should have the equitable relief he seeks, against the obstacle interposed, in aid of the legal relief which he demands.

But there is a distinct head of equity jurisprudence under which the plaintiff can maintain his action. He paid this money under a mistake; a mistake not induced by or due to any negligence or fault on his part, so far as we can perceive from the facts alleged in the complaint; and against this mistake, equity has jurisdiction to relieve. It has complete juris-