FRANKLIN H. DELANO, as TRUSTEE OF LAURA A. DELANO, PLAINTIFF, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, DEFENDANTS.

*Assessment — right of a party to have it reduced after it has been paid, and to recover the amount of his over-payment in the same action.*

The plaintiff's agent paid the amount of an assessment imposed upon the plaintiff's property for the paving of a portion of Eleventh avenue. The whole of the cost of the paving was assessed upon the adjoining property, while the cost of paving a strip twenty-five feet in width should have been assessed by the city upon a railroad company in pursuance of an ordinance which allowed it to lay its tracks in the street. At the time of making the payment the agent had no knowledge of the ordinance. Subsequently, upon the application of the owner of some of the other property assessed, the amount by which his assessment exceeded the true and just assessment was stricken therefrom.

*Held*, that the plaintiff could maintain an action to have the assessment imposed upon his lots declared invalid, in so far as it exceeded the proper and just assessment which should have been imposed upon him, and to recover the sum paid by him in excess thereof.

*Strasburgh* v. *Mayor* (87 N. Y., 452) followed.

MOTION by the plaintiff for leave to enter a judgment upon a verdict in his favor, directed by the court subject to the opinion of the General Term.

The plaintiff sought to have a portion of an assessment imposed upon his property, which had already been paid by his agent, set aside and declared invalid, and to recover the over-payment so made by him. The facts in the case, which were not disputed, were substantially as follows:

The plaintiff is, and at the dates hereinafter mentioned, was the owner of lands fronting on Eleventh avenue, between Fifty-second and Fifty-ninth streets, in the city of New York. On September 12, 1875, the said lands were assessed for the paving of Eleventh avenue in the sum of $3,651,97, which was paid by the plaintiff's agent on December 9, 1875. The total cost of the street pavement was $21,404.84, all of which sum was assessed upon the property on the line of the work.

Prior to the pavement of the avenue the Hudson River Railroad Company had laid a track of rails thereon pursuant to permission granted to said company by an ordinance adopted May 6, 1847.

In such ordinance it was provided, as a condition of the franchise, that the Hudson River Railroad Company should "grade, regulate, pave, and keep in repair a space twenty-five feet in width in and about the tracks in all the avenues and streets through which said tracks should be laid, whenever the common council shall deem the interest of the city to require such pavement to be done." The width of the avenue from curb to curb is sixty feet. The Hudson River Railroad Company had paved no part of the street, and no part of the expenses had been assessed upon the company.

The plaintiff's agent was ignorant of the provisions of the ordinance in respect to paving by the railroad company, and of the failure of the city to charge the railroad with its proportion of the expense when he made the payment.

*John C. Shaw*, for the plaintiff.

*D. J. Dean*, for the defendant.

BRADY, P. J.:

This action was brought to recover the sum paid in excess of the proper and just assessment upon the property for which the plaintiff was trustee. And in the complaint which was prepared for that purpose, it was alleged that in certain proceedings instituted in this court the assessment was declared invalid to a certain extent, and the amount imposed upon the lots mentioned in the proceeding was proportionately reduced. See *Matter of Appleby* (26 Hun, 427), in which it was held that it was the duty of the city to enforce the

covenant made by the Hudson River Railroad Company, referred to in the statement of facts herein, and that the imposition of the whole expense for the pavement upon the property owners was illegal.

It will have been perceived that the plaintiff at the time of the payment had no personal charge of the property, and that his agent who made it was ignorant of the covenant mentioned, and of the failure of the city to charge the company with its proportion of the expense. And inasmuch as the imposition of the whole expense upon the property subject to the assessment had been declared to be illegal and it had on application been reduced, it was established, if not conceded, that a sum in excess of what the city was entitled to had been paid into its treasury, and the action to recover it back could therefore be maintained upon the authority of *Strasburgh* agt. *Mayor* (87 N. Y. 452).

It is not deemed necessary to discuss the various points which are suggested in the briefs of the respective counsel, for the reason that the case cited is regarded as an authority justifying the plaintiff's recovery in this action. The distinction is there drawn between such an action as this and one brought to recover back money paid upon an illegal assessment which the assessors had jurisdiction to impose, and which is not void upon its face, while the assessment remains unvacated and unreversed.

In that case the relief prayed for was that the assessment be declared invalid to the extent of the overpayment and that judgment be given for such over-payment. And the court said: "Why may not such an action be maintained? There is no case to be found in the books holding that it cannot be. There can be no objection that both kinds of relief are sought in the action. In that respect it is analogous to an action in equity to reform a written instrument and then enforce it as reformed. And such actions have been frequently sanctioned by this court. Here is a case where it is conceded that the plaintiff is equitably and justly entitled to the sum which he seeks to recover. The only obstacle in his way is the unvacated assessment." And further, "unless then he can have equitable relief there will be a wrong without a remedy, an absolute failure of justice."

For these reasons it is not considered necessary to pursue this subject further, this court resting its conclusions upon the

adjudication mentioned.    The result is that judgment is ordered for the plaintiff.

DANIELS, J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Judgment ordered for the plaintiff.