BRONSON C. RUMSEY et al., Respondents, *v.* THE CITY OF BUF-FALO, Appellant.

As, under the charter of the city of Buffalo (Tit. 7, § 36, chap. 519, Laws of 1870), an assessment is presumptively valid although in fact illegal, whenever such an assessment is laid, the party whose lands are affected by it may immediately bring an action to have it declared void as a cloud on title.

In such an action it appeared that the assessment-roll was delivered to the city treasurer in April, 1874; the land was sold on the assessment in April, 1876, and bid in by the city. The action was commenced in January, 1880. The charter provides (Tit. 7, § 1) that assessments shall be a lien

upon the lands assessed for five years from the delivery of the roll to the treasurer; also that a notice to redeem from an assessment sale may be given after the expiration of nine months, and before the expiration of three years from the sale (§ 23), and if not redeemed within three months after notice, upon affidavit of service and a certificate of the comptroller that no redemption has been made, that the common council may grant to the purchaser a declaration of sale (§ 24), which shall be presumptive evidence of the legality of the assessment and sale. Defendant claimed that as more than three years had elapsed between the sale and the commencement of the action, and as no service of notice to redeem was shown, it appeared that the assessment had ceased to be a lien, and so the action was not maintainable. *Held* untenable; that, as the fact of service was an extrinsic one, not of record, record evidence of which is not required to be made until the purchaser applies for a declaration of sale; and as the time for such application had not expired, so far as the record showed, a right existed in the purchaser which might ripen into a presumptive title, and a case was made out for the relief sought.

(Argued October 7, 1884; decided October 21, 1884.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made May 15, 1882, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

This action was brought to have an assessment for a local improvement upon certain lands of plaintiffs in the city of Buffalo, and a sale thereunder adjudged illegal and void.

The facts so far as material to the questions discussed are stated in the opinion.

*P. A. Matteson* for appellant. In order to maintain their action plaintiffs were required to prove, affirmatively, that there was a cloud to remove. (*Stuart* v. *Palmer*, 74 N. Y. 183; *Wells* v. *City of Buffalo*, 80 id. 253; *Townsend* v. *The Mayor*, 77 id. 542; *Sanders* v. *Village of Yonkers*, 63 id. 489; *Ryerson* v. *Willis*, 81 id. 277.) Defendant acquired no permanent rights by virtue of the certificate of sale issued to it by the comptroller April 28, 1876. (*Marsh* v. *City of Brooklyn*, 59 N. Y. 284; *Neber* v. *Hatch*, 10 Abb. N. C. 431; 88 N. Y. 657.) The publication of the resolution, or notice of intention, was sufficient. (*Everson* v. *Johnson*, 22 Hun,

115 ; *Pratt* v. *Tinckon*, 21 Minn. 142 ; *Ex parte Zborowski*, 68 N. Y. 88, 98 ; *Stuart* v. *Palmer*, 74 id. 190 ; *State* v. *Patterson*, 4 N. J. L. 246.) The notice inviting proposals was properly published. (*Salter* v. *Burt*, 20 Wend. 205 ; *Taylor* v. *Corbiere*, 8 How. Pr. 385.) The assessors acted *quasi* judicially in making the assessment, and must, of necessity, be the judges of what property is benefited and what not. (*Matter of Eager*, 46 N. Y. 109 ; *Matter of Cruger*, 84 id. 621.) If they committed an error and adopted an erroneous principle, the only mode of reviewing their action is by *certiorari*. (*Sherman* v. *Clifton Springs*, 2 Hun, 390 ; *Kennedy* v. *City of Troy*, 77 N. Y. 493.)

*George Wadsworth* for respondents. The defendant has no power to do the work in question by its charter. (See Laws of 1870, chap. 519, tit. 9, § 16, p. 1205 ; Laws of 1853, p. 503, § 26 ; 2 Laws of 1870, pp. 1205, 1206, §§ 18, 19.) The notice of intention was not duly published, therefore the assessment is illegal and void ; for when notice is required by law it must be fully given. (*Stuart* v. *Palmer*, 74 N. Y. 183, etc. ; *Merritt* v. *Port Chester*, 71 id. 309 ; *Mushlitt* v. *Silverman*, 50 id. 360 ; *People* v. *Brooklyn*, 21 Barb. 484 ; *Doughty* v. *Hope*, 1 N. Y. 79 ; *Sharp* v. *Speir*, 4 Hill, 76 ; *Sharp* v. *Johnson*, id. 92 ; *In re Flatbush Avenue*, 1 Barb. 286 ; *Thatcher* v. *Powell*, 6 Wheat. 119 ; *Brooklyn* v. *Meserole*, 26 Wend. 132 ; *Van Doren* v. *Mayor, etc.*, 9 Paige, 388.) The charter requires that when objections are filed to the confirmation of an assessment-roll, the city clerk shall lay such objections and roll before the common council, and the common council shall hear and consider them, etc. (2 Laws of 1870, p. 1192, § 14 ; *Keyser* v. *Mayor, etc.*, 70 N. Y. 497 ; *Stuart* v. *Palmer*, 74 id. 183 ; *Granger* v. *Buffalo*, in the Superior Court, not reported ; *In re Carlton St.*, 78 N. Y. 362.) Actions of this nature can be maintained to set aside and enjoin the collection of illegal assessments, under the charter of the city of Buffalo. (*Cooke* v. *Andrews*, 40 N. Y. 547 ; *Scott* v. *Onderdonk*, 14 id. 9 ; *Allen* v. *Buffalo*, 39 id. 386 ; *Hatch* v. *Buffalo*, 38 id. 276 ;

*Lewis* v. *Buffalo*, 29 How. Pr. 336; 2 Laws of 1870, p. 1193, § 1; 2 Laws of 1870, p. 1199, § 36; 2 Laws of 1870, p. 1193, § 3; 2 Laws of 1870, p. 1194, §§ 12, 13; 2 Laws of 1870, pp. 1196, 1197, §§ 24–29.)

ANDREWS, J.  By the defendant's charter, the validity of an assessment is to be presumed, and the burden of establishing its invalidity is cast upon the party questioning it.  (Chap. 519, Laws of 1870, § 36.)  The complaint alleges that the assessment in question was illegal and void; the court found in accordance with the allegation, and there was no exception to the finding.  The fact therefore stands without question that the assessment created an apparent lien upon the plaintiffs' land, presumptively valid, although imposed without authority of law.  The plaintiffs, upon this state of things, had a clear right as soon as the assessment was laid, to come into court, to have it declared void as a cloud upon their title.

The action is defended on the ground that by reason of subsequent matters the cloud had been removed, and that at the time the action was commenced, no cloud existed by reason of the assessment, or of the subsequent proceedings.

The assessment-roll was delivered to the city treasurer, April 1, 1874, and the land was sold on the assessment April 28, 1876, and bid in by the city.  It is claimed that the certificate of sale executed by the comptroller does not conform to the statute.  It is a sufficient answer to this point that the complaint alleges that the corporation issued and delivered to the defendant a certificate of sale in conformity with the charter, that the court found that this allegation was true, and that the finding was not excepted to.  The defendant is therefore concluded by the record from questioning the validity of the certificate of sale.

The defendant, however, mainly relies for his defense upon the point that by the provisions of the charter the assessment had ceased to be a lien before the commencement of the action, and that it not appearing that the sale was followed by a no-

tice to redeem, served within three years thereafter, the sale had become inoperative and void.

The charter provides that assessments shall be a lien upon the land upon which they are assessed, for five years from the delivery of the assessment-roll to the treasurer. (Ch. 7, § 1.)

This action was commenced January 10, 1880, and the five years from the delivery of the roll expired April 1, 1879. But the sale was made within the five years and therefore during the continuance of the lien. The lien of the assessment was terminated by the sale and merged in the right of the purchaser under the certificate of sale. The fact that more than five years had elapsed from the delivery of the assessment-roll to the treasurer, where there has been an intermediate sale, does not prove that there is no cloud resulting from the illegal assessment. The lien by the sale is transmuted into a claim in favor of the purchaser, under the certificate. The charter provides that a notice to redeem from a tax or assessment sale may be given after the expiration of nine months, and before the expiration of three years from the sale (§ 23), and if the land is not redeemed within three months after service of the notice, the common council is authorized to grant to the purchaser or his assignees a declaration of sale. But it is required that before granting such declaration, an affidavit of service of notice to redeem and a certificate of the comptroller that no redemption has been made, shall be filed with the comptroller (§ 24). It is also provided that such declaration shall not be granted after the expiration of five years from the sale (§ 25), and when granted it is made presumptive evidence that the tax and assessment raised was legally imposed, that due proceedings to authorize the sale were had, and that the sale was regular (§ 29).

The plaintiffs commenced their action within five years after the sale. But it is claimed that as more than three years had elapsed between the time of the sale and the commencement of the action, the whole proceeding was a nullity, unless the notice to redeem had been served, and such service was not shown. But this was an extrinsic fact not of record, and record

evidence thereof is not required to be made until the purchaser applies for a declaration of sale, and such application may be made at any time during two years after the expiration of the time prescribed for the service of notice to redeem. The case therefore was this : there was an assessment on the plaintiffs' land presumptively valid, although in truth invalid, followed by a sale and issuing of a regular certificate of sale to the purchaser, creating a right which might, so far as the record shows, ripen into a presumptive title to the land by the granting of a declaration of sale by the common council. If notice to redeem had been served, there was an unquestionable cloud. But whether it had been served or not, was a fact not of record, and no purchaser could safely buy of the plaintiff without investigating and ascertaining this extrinsic fact. This made, we think, a case for relief within the authorities. (*Crooke* v. *Andrews*, 40 N. Y. 547 ; *Scott* v. *Onderdonk*, 14 id. 9.)

The judgment should be affirmed.

All concur.

Judgment affirmed.