THERON E. PARSONS, as ADMINISTRATOR, WITH THE WILL ANNEXED, OF THE ESTATE OF LAUREN PARSONS, DECEASED, RESPONDENT, *v.* THE CITY OF ROCHESTER, APPELLANT.

*Action to recover money paid on an invalid assessment — the right of action accrues at the time of payment.*

In 1865 the common council of the city of Rochester, to raise money to meet the expense incurred in improving a street therein, imposed an assessment upon the several parcels of land abutting thereon, one of which, owned by the estate of Lauren Parsons, then deceased, was assessed $324.72. In August, 1865, his personal representative paid on and towards the assessment, the sum of $108.24. After such payment, one Hassan and others, whose lands were assessed for the improvement, commenced an action to set aside the assessment as invalid, and on September 9, 1882, a judgment was entered setting aside and declaring it void for the reason that all the lands benefited by the improvement were not assessed.

In May, 1885, this action was commenced to recover the portion of the assessment paid by the representatives of the estate of Lauren Parsons.

*Held*, that the plaintiff had lost his right of action by his laches.

That his right of action accrued as soon as the money was paid, and that the statute of limitations prevented him from maintaining this action.

*Brundage* v. *Village of Portchester* (31 Hun, 129) followed.

APPEAL by the defendant from a judgment entered in the Monroe county court, affirming a judgment of the Municipal Court of the city of Rochester for the sum of $265.30 damages and $27.32 costs in favor of the plaintiff against the defendant.

In the year 1865 the Common Council of the city of Rochester instituted proceedings to improve Oak street, and for the purpose of raising money to meet the necessary expenses they were authorized by the charter to assess the same upon the several parcels of land abutting thereon.

The deceased Lauren Parsons, who died prior to the instituting of those proceedings, was the owner of one of the parcels, and at the time the improvements were made such parcel belonged to his estate and was assessed by the Common Council $324.72. In August 1865, his personal representative paid on and towards the tax $108.24. After such payment, but when is not disclosed by the case, William E. Hassan and others whose lands were assessed for the improvement, commenced an action in the Supreme Court

to set aside the assessment as invalid and a final decree was entered therein on the ninth of September, 1882, setting aside and declaring the said assessment void, for the reason that all the lands benefited by the improvement were not assessed as required by the provisions of the city charter. Neither the personal representatives of the deceased or his heirs-at-law were parties to that action. At the time of the commencement of this action the premises had been alienated and were owned by one James Crouch. In May, 1885, this action was commenced in the Municipal Court to recover the portion of the assessment paid by the personal representative of the deceased.

*Ivan Powers*, for the appellant.

*Charles H. Kingsbury*, for the respondent.

BARKER, J.:

The proceedings of the common council in levying the tax for the improvement of Oak street were illegal and void, for the reason that a parcel of land owned by the State and benefited by the improvement was not assessed with the other lands benefited. The case of *Hassan et al.* v. *The City of Rochester* (67 N. Y., 528), was prosecuted for the purpose of contesting the validity of the assessment and the same was declared void, for the reason stated. It was also held, in the same case, that the proceedings imposing the assessment were regular and valid on their face, and that extrinsic evidence was necessary to establith their invalidity. We shall assume, in disposing of this appeal, that the money paid on and towards the assessment by the personal representative of the deceased was paid by him in the line of his duty, and was a proper and legitimate use of funds in his hands belonging to the estate of Parsons. This point being conceded, then it cannot be denied but that the money paid, *ex æquo et bono* belongs to the plaintiff in his representative capacity and was held by the defendant for his use. The reversal of the assessment and setting the same aside as void is conclusive evidence that the money was obtained from the estate of the deceased without right. As the assessment was valid on its face the payment of the tax was compulsory in a legal sense and may be recovered back by the parties coerced to make the

payment. Both of these propositions were affirmed in *Peyser* v. *The Mayor* (70 N. Y., 497.) It is unnecessary to reiterate the reasons upon which these rules are founded as they are fully and comprehensively stated in the opinion of Mr. Justice FOLGER, in *Strusburgh* v. *Mayor, etc.* (87 N. Y., 452). These well established principles were applied to the facts in that case.

We are, however, of the opinion that the plaintiff has lost his right of action by laches on his part, and the statute of limitations bars a recovery. As soon as the money was paid a right of action accrued in the plaintiff's favor entitling him to a judgment declaring the assessment void and recovering back the money which had been paid on and towards the assessment. Nearly twenty years elapsed after the payment and before the commencement of this action. Nothing intervened during this long period to arrest the running of the statute. The personal representative of Parsons was not a party to the Hassan suit. He had no control over the same and was not concluded by the judgment. Nor did the pendency of that action prevent the prosecution of one by the plaintiff to recover back the money. Every person whose lands were assessed could have maintained an individual action to vacate the same as invalid, and if he had paid the assessment to recover back the money in the action. (*Strusburgh* v. *Mayor*, 87 N. Y., 452) The decree in the Hassan suit vacating the assessment was conclusive evidence of its invalidity, and was properly received in evidence for that purpose.

The respondent's position that he had no right of action until the final decree in that action was entered in the year 1882, is utterly falaceous. That decree did not create a right of action in any one. The void assessment which created an apparent lien on the land assessed was the fact which gave a right of action to the plaintiff in that action, and also a like one in favor of all and each of the respective land owners.

The decree in the Hassan suit, so far as the other land-owners were concerned, became evidence which they might use to prove that the tax was illegal. The provisions of the statute of limitations are very comprehensive and include actions of this character, and it is unnecessary to determine whether it belongs to the class which must be prosecuted within the six or ten years after the cause of action arose. In *Brundage* v. *The Village of Portchester* (31 Hun,

129), the precise point was considered, and it was held that as soon as an invalid tax was involuntarily paid for the improvement of a public street, a right of action accrued and the statute of limitations barred a recovery after a period of six years.

The judgment of the County Court and of the Municipal Court are both reversed, with costs.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment of the County Court and that of the Municipal Court reversed.