### THIRD NAT. BANK *v.* CLARK *et al.*

*(Supreme Court, Special Term, New York County.  May 31, 1888.)*

INJUNCTION—WHEN LIES—TO RESTRAIN SHERIFF FROM PAYING OVER MONEY.

In an action by a general creditor to set aside certain judgments against the debtor, where the assignee for the benefit of creditors, denying the allegation that he refused to bring an action to set aside these judgments, shows that the proceeds of execution sales on these judgments are on deposit with a trust company, subject to the order of the judgment creditors and the assignee, and that he had commenced an action to set these judgments aside, an injunction will not lie to restrain the sheriff from paying over the proceeds from these sales to the judgment creditors.

At chambers.   On motion for an injunction *pendente lite.*

The Third National Bank of Springfield, Mass., a general creditor of the firm of Clark, Radcliffe & Co., brought this action on behalf of themselves and all other creditors of the firm who might come in against the members of the firm, the general assignee for the benefit of creditors, certain creditors who had obtained judgments against the debtor, and the sheriff, to set aside these judgments as illegal, and to restrain the sheriff from paying over the proceeds of execution sales on the judgments to the judgment creditors.   Motion was made to restrain the sheriff from paying the money over *pendente lite.*

*Putney, Bishop & Slade,* for plaintiff and the motion,   *S. F. Kneeland,* for defendants, opposed.

LAWRENCE, J.   It has long been settled that a creditor by simple contract is within the protection of the statute against assignments or conveyances of property made with intent to hinder, delay, or defraud creditors, as much as a creditor by judgment, but that, until he has a judgment and a lien, or a right to a lien, upon the specific property, he is not in a condition to assert his rights by action as a creditor.   *Southard* v. *Benner,* 72 N. Y. 426, 427, per ALLEN, J.; *Geery* v. *Geery,* 63 N. Y. 256.   It is claimed in this case by the plaintiff, a general creditor of the assignors, that, by reason of the confession of certain judgments by said assignors to other parties, preferences have been given to said parties in excess of the amount of one-third in value of the assigned estate after deducting the wages or salaries of employes, and the costs and expenses of executing the trust, in violation of the provisions of chapter 503 of the Laws of 1887.   It is also claimed that this is not a creditor's action, but an action brought by the plaintiff as a beneficiary under the assignment; it being argued that such assignment creates a trust which any of the beneficiaries can enforce, in case the assignee refuses to take steps to preserve the trust fund, by bringing actions to set aside the judgments alleged to have been fraudulently or illegally confessed by the assignors.   The case of *Crouse* v. *Frothingham,* 97 N. Y. 114, is cited in support of that proposition, and several cases from other states.

There is an averment in the complaint, which is one of the moving papers, that, before the commencement of the action, the plaintiff demanded of the assignee that he should bring such actions as were proper to prevent the said judgment creditors from obtaining any priority other than such as they might be found entitled to at law, etc., and that the said assignee has neglected and refused to bring the same.   The assignee denies that he refused to bring such

actions, but avers that, in a conversation had with one of the plaintiff's attorneys, he stated to said attorney that he did not believe there was ground for him (the assignee) to base an action upon. The assignee further avers that the proceeds arising from the sale of goods sold by the sheriff under the alleged illegal judgments had, by an agreement between him and the judgment creditors, been required to be deposited in the Union Trust Company, to be withdrawn only upon the joint order of the attorneys for the judgment creditors and the assignee, and without prejudice to the rights of said parties, etc.; and that thereafter he had commenced actions to contest the validity of said judgments, and to secure the proceeds of said sale. This denial on the part of the assignee appears to take the case out of the principle referred to in *Crouse* v. *Frothingham, supra,* and to leave no ground for the granting of an injunction.

Motion denied, with costs to abide the event. See my memorandum in *Riessner* v. *Cohn, ante,* 161, (this day filed.)