SMITH *v.* MAYOR, ETC., OF NEW YORK.

*(Superior Court of New York City, Special Term.*  July 17, 1888.)

MUNICIPAL CORPORATIONS—STREET ASSESSMENTS—INTEREST—STATUTES—CONSTRUCTION.
   In 1881 plaintiff instituted proceedings before the commissioners appointed under Laws 1880, c. 550, to reduce a street assessment.  In 1884 the commissioners decided, in a test case, that the assessment was excessive.  Plaintiff's petition being defective, it was amended, and in 1886 the commissioners by resolution adopted their decision in the test case as their decision in all similar cases, and a certificate to that effect was filed, dated in 1884.  Laws 1880, c. 550, § 6, provides that, upon the filing of the certificate, the amount fixed thereby, "with interest thereon from the date thereof, and no more," shall be the extent of the lien.  *Held*, that the date referred to was the date on which the certificate was filed, and not the date written in it.

Action to recover money unlawfully paid on street assessment.

O'GORMAN, J.   On February 3, 1876, an assessment for regulating, etc., the St. Nicholas avenue was confirmed, and the amount assessed on certain lots, then the property of Isaac T. Smith, executor, was $7,500.   Subsequently a payment was made on account of this assessment, leaving a balance of $4,999.95 still due.   In April, 1881, proceedings were instituted by said Smith, before the assessment commissioners, who derived their power under chapter 550 of the Laws of 1880, in order to secure a reduction of the amount of the assessment.   On March 25, 1884, and before the commissioners had arrived at any decision in these proceedings instituted by Smith, they decided in the *Matter of Juliet Douglas*, then pending before them, that the said assessment was excessive, and should be reduced 25 per cent.   This was regarded as a test case, and decisive of all claims for reduction of this assessment.   In the *Matter of Smith*, a misdescription of some of his lots rendered an amendment of his petition necessary, and an application for leave to amend was made to the commissioners on his behalf.   On February 26, 1886, a resolution was adopted by them allowing him to amend his petition, and on March 2, 1886, a resolution was adopted that their said decision in the *Matter of Juliet Douglas* should be made their decision in all similar cases, and on March 3, 1886, a certificate to that effect was duly filed according to law, in which, however, was written as the date thereof, not the date on which the certificate was actually filed, which was March 3, 1886, but March 25, 1884, the day on which the decision in the *Douglas Case* had been made by the commissioners.   The question to be determined in the present action is, from which of those dates should interest, payable to the mayor, etc., be computed?   The amount in dispute is $508.08; and for this amount, which plaintiff claims was paid on her account while she was under compulsion, constituting duress in law, she now brings suit.

Consideration should first be given to the sections of the act of 1880 which bear upon the question.   By section 3 the commissioners are empowered to award such relief to the respective parties filing such applications as shall be, under the circumstances and on the evidence presented, just and equiable.   By section 6 they are empowered to determine what relief, if any, is to be awarded in respect of each lot or parcel of land, and what reduction, if any, is to be allowed; and thereupon they shall file in each case a certificate, signed by a majority of said commissioners, in the department of finance, specifying the relief awarded by them, and upon such filing, the assessment on each lot or parcel shall be revised, modified, or vacated as in said certificate specified; and the amounts fixed by such certificates, with interest thereon, from the date thereof, and no more, shall thereafter be the extent of the lien upon such lots in respect of such assessments.   In my opinion, the words in the last section, "date thereof," should be construed as meaning from the date of the filing of the certificate; for it is the filing of the certificate which gives to the decision of the commissioners its vitality, authority, and force.   The word

"date" does not always mean the written statement on a document of when it was made or written. It as frequently means the time when an event has happened, as, for instance, the date of a battle, a birth, a death, etc. See Webster's and Worcester's Dictionaries on word "date." The date written on a deed may be untrue and misleading as to the real date on which the deed was delivered and became efficient. In the matter of these certificates the law does not require the insertion thereon of any written date. They acquire their authority from the time of the filing, which is the real date of the instrument. The language of section 6 of the act limiting the amount of interest chargeable against the property holder assessed to "interest from the date thereof, and no more," would be no protection to him if the commissioners were at liberty to affix to the certificate any date they pleased, be it one, two, or more years before the actual filing of the certificate, or even before the adoption of the resolution on which the certificate was founded. The interest in this case, therefore, should be charged as against the plaintiff from March 3, 1886.

The defense that the plaintiff or her grantor voluntarily paid this money on the demand of the defendants, and cannot, therefore, recover in this action, should not, in my opinion, avail. Such a claim does not commend itself to a court of equity, which has the power and the will to administer all relief needed to accomplish the ends of justice. *Strusburgh* v. *Mayor*, 87 N. Y. 452; *Brehm* v. *Mayor*, 104 N. Y. 188, 10 N. E. Rep. 158. But the evidence in this case sufficiently discloses the existence of an overruling pressure on the plaintiff of adverse circumstances, threatening serious loss if the money was not paid, by reason of which her free will was so constrained and subdued as to constitute duress in the eyes of the law. *Fisher* v. *Bishop*, (decided by the court of appeals, January, 1888,) 15 N. E. Rep. 331. Judgment should be in favor of the plaintiff, with costs.