SARAH LAZARUS and Others, Respondents, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY and Another, Appellants.

*Findings made by request — statutory change in practice after the submission of a cause to a referee.*

Section 1023 of the Code of Civil Procedure does not relate to the substantive law of the State, but prescribes a rule of procedure.

The practice of the court may be changed by statutory enactment so as to affect pending actions, and in case a statute, taking effect after a cause has been submitted to a referee for decision, requires his report to be made in a particular form, or to be filed within a given time, it will control the practice of the case so situated.

The repeal of section 1023 of the Code of Civil Procedure by chapter 688 of the Laws of 1894, and the amendment of section 1022 thereof by the third section of that act subsequent to the submission of a case to a referee for his decision, if such repeal or amendment takes effect prior to the making of his decision by the referee, changes the rule as to such cause in respect to the duty of the referee to determine specific questions of fact and law at the request of the parties.

APPEAL by the defendants, The Metropolitan Elevated Railway Company and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of November, 1894, denying the defendants' motion for an order sending back the decision or report of the referee or for an order vacating and setting aside the same.

*Julien T. Davies* and *J. C. Thomson*, for the appellants.

*Nelson S. Spencer*, for the respondents.

PER CURIAM:

May 27, 1893, this action was referred to a referee to hear and determine, and on March 22, 1894, it was finally submitted to him for decision, and by written stipulations between the attorneys his time to decide the cause was extended until October 27, 1894. On May 12, 1894, chapter 688 of the laws of that year was enacted, to take effect June 1, 1894, repealing section 1023 of the Code of Civil Procedure, which authorized either party to a litigation to request the court or referee to determine all of the issues of fact and law

deemed to have been involved in the action. Section 1023 was repealed after this action was submitted to the referee, but the repeal took effect before he made his decision.

The attorneys for the defendants, believing that fifty-eight issues of fact and twenty-two issues of law were involved in the action on the 22d of March, 1893, requested the referee to pass on that number of issues of fact and law. Upon the decision of the case the referee did not note on the margin of the various propositions of fact and law how he had disposed of them, but instead stated concisely the facts found and his conclusions of law in the form prescribed by section 1022 of the Code of Civil Procedure, as amended by the third section of chapter 688 of the Laws of 1894.

At the date of the decision of this case there was no statute which required the referee to determine the various propositions of law and fact requested by either litigant, and there is no provision in the statute excepting from its operation cases pending at the time of its passage. Section 1023 did not relate to the substantive law of the State, but prescribed a rule of procedure; and it is too well settled to require the citation of authority that the practice of the court may be changed so as to affect pending actions. The referee, so far as the procedure was concerned, had the right to adopt the form of decision authorized at the time he rendered his decision. In case a statute taking effect after a cause has been submitted to a referee should require the report to be made in a particular form, or that it should be filed within a given time, we have no doubt that it would control the practice of a case so situated. By the Code of 1848, and again by the Code of Civil Procedure, the practice of the courts was radically changed, and the new practice has been held applicable to pending cases, and that a step in procedure is to be taken according to the rule in existence when the prescribed step is taken.

We think that neither party had the right to require the referee to pass upon the requests pursuant to the repealed section of the Code.

The order should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and disbursements.