THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE KELLER, Relator, *v.* WILLIAM C. MANY and Others, Aldermen of and Composing the Common Council of the City of Mt. Vernon, Respondents.

*City of Mount Vernon — when the jurisdiction of the board of aldermen thereof will be presumed — when an assessment for municipal improvement will not be interfered with — estoppel.*

The subject-matter of grading and altering or changing the grade of streets in the city of Mount Vernon is within the jurisdiction of the board of aldermen of that city.

Where the proceedings of a board of aldermen have been open, notorious and duly advertised, a person interested in such proceedings will be presumed to have known their purpose and the precise plan and specifications for work ordered by them.

In a proceeding by certiorari to review an assessment upon the relator's land it appeared that long before the contract was entered into by the municipal corporation, the relator knew that his land was within the prescribed assessment district of the proposed municipal improvement; he also knew the theory of the whole procedure; that he did not object to the improvement when it was proposed, nor did he make any remonstrance on any ground at any time before the work was actually done, but acquiesced in the proposal and in the plans and specifications for the work, and that subsequently he presented a claim of some sort to the common council of the city for adjustment growing out of the performance of the work.

Held, that under such circumstances it was fair to presume that he acquiesced in the theory that the improvement was within the jurisdiction of the board of aldermen of the city, which depended upon extrinsic facts, and that he could not, after receiving the benefit of the public improvement, escape payment of his share of the expense by alleging want of jurisdiction.

Where the warrant for the collection of an assessment for a public improvement is issued and delivered to the collector long before a relator's petition to review such assessment is presented, the court will not interfere.

Certiorari issued out of the Supreme Court, and attested on the 3d day of November, 1894, directed to William C. Many and others, aldermen of and composing the common council of the city of Mt. Vernon, directing them to certify and return to the office of the clerk of the county of Westchester all and singular their decisions and actions in regard to the changing of the grade and paving of South Fourth avenue from Fourth to Sixth streets, in the city of Mt. Vernon, with the decisions thereof, and all resolutions adopted by them, and each and every of their proceedings therein, in relation thereto, with the rulings and decisions.

*Milo J. White*, for the relator.

*David Swits*, for the respondents.

Pratt, J.:

The subject-matter of grading and altering or changing the grade of streets in Mount Vernon was plainly within the jurisdiction of the respondents. The relator's contention, that they proceeded without jurisdiction, depends upon the question whether or not this work was in fact an alteration or change of grade, within the meaning of

the statute. The allegation of the petition, that South Fourth avenue had been for many years used as a public highway before the respondents began work to pave, is not definitely controverted by the return. There is, therefore, some ground for the relator's contention, that the grade of the avenue had been established by long usage at the surface of the old road, and thus to make the case one of change or alteration of an established grade. So, too, it is obvious that the work authorized and done actually raised the former surface of the avenue three feet in some places. But it is equally plain that the respondents did not proceed upon the theory that by authorizing this work and causing it to be constructed they were changing or altering the grade of the avenue within the meaning of that term as used in the statute. Their proceedings seem to have been open, notorious and duly advertised. Presumably, therefore, the relator knew their purpose, and the precise plans and specifications for the work. In other words, he knew precisely what it was proposed to do. Long before the contract was made he knew that his land was within the prescribed assessment district. He also knew the theory of the whole procedure. We cannot presume that the work done was a damage to the relator without some benefit, or that the damage was greater than the benefit. There is nothing in the papers before us to justify such a presumption. There is no pretense that the relator objected to the proposed improvement when it was proposed, or that he contended that it involved a change of grade, or that he made any remonstrance on any ground at any time before the work was actually done. On the contrary, he seems to have acquiesced in the proposal and in the plans and specifications for the work. His petition shows that he subsequently presented a claim of some sort to the common council for adjustment growing out of the performance of this work. Under these circumstances, it is fair to presume that he acquiesced in the known theory that the improvement was not an alteration or change of grade. Hence, since his attack upon the respondents' jurisdiction depends upon proof of extrinsic facts, his allegation respecting those facts is met by inferences deduced from his conduct, which tend to show acquiescence in the theory of jurisdiction, that is to say that, with full knowledge of the respondents' proposal, he lies by, waits, suffers an important public improvement to be

made, without objection, on the assumption that it did not involve an alteration or change of grade, until he obtains all the benefit which can arise therefrom, maybe presents his claim for damages, and then turns about and attempts to escape payment of his share of the expense by alleging that the work, after all, really did involve a change of grade. . There certainly is no equity in such a case, and if it succeeds at all it should be *strictissimi juris*. To interfere now would involve the rights of many others. Hence, upon principle and as matter of discretion, we are disinclined to interfere, on the theory of want of jurisdiction. Nor do we see that the respondents did any wrong in the letting. The contract seems to have been awarded to the lowest bidder. The fact that there was a lower bid than Murray's for excavation is met by the fact that his aggregate was lower than any other aggregate which included excavation.

We cannot interfere with the amount of the assessment on relator's land. That was a matter plainly within respondents' jurisdiction. It depended upon the valuation of his land, and, perhaps, on special considerations which are not before us. There appears to have been no departure from principle in the entire business.

Finally, the warrant for the collection of the assessment was issued and delivered to the collector long before the relator's petition was presented. We ought not, therefore, to attempt to interfere.

The writ must be quashed, and the relator's proceeding must be dismissed, with costs.

DYKMAN, J., concurred; BROWN, P. J., not voting.

Determination confirmed, with costs.