(23 App. Div. 46.)

.KELLER v. CITY OF MT. VERNON.

(Supreme·Court, Appellate Division, Second Department. December 7, 1897.)

1. MUNICIPAL IMPROVEMENTS—SETTING ASIDE ASSESSMENT.
    Where the invalidity of an assessment does not appear upon its face, and where, accordingly, no relief can be obtained by certiorari, the person aggrieved may maintain an action in equity to set the assessment aside.

2. SAME—COST OF RETAINING WALL.
    The cost of a retaining wall which is an incident to the general plan of grading a street should be assessed according to the benefits received by all the property benefited by the grading, even though situated in front of the property of one owner only.

3. RES JUDICATA.
    An adjudication upon certiorari in favor of the respondent, the common council of a city, is binding upon the relator, upon the same issue, in a subsequent action brought by him in equity against the city itself.·

Appeal from judgment on· report of referee.

Action by George Keller against the city of Mt. Vernon. From a judgment in favor of plaintiff, on report of a referee, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

David Swits, for appellant.
Milo J. White, for respondent.

WILLARD BARTLETT, J. This is an action in .equity to set aside an assessment for grading a street in front of certain premises

belonging to the plaintiff, in the city of Mt. Vernon. The learned referee before whom the case was tried held that the plaintiff was entitled to have the assessment declared void on two grounds: (1) Because the assessing officers proceeded upon a wrong principle; and (2) because the assessing officers not only graded the existing street, but materially changed the grade, which they had no authority to do. I think the judgment may be upheld on the first ground, but not upon the second, and for these reasons:

1. A common-law certiorari could afford the plaintiff no relief except on account of some invalidity appearing upon the face of the assessment. The proceedings of the common council of Mt. Vernon, however, which was the assessing body in this case, did not disclose any departure from correct legal principles in imposing the assessment; and, as the plaintiff had to go outside the record to establish the fact of such a departure, he was in a position to maintain an equitable action for that purpose. Strusburgh v. Mayor, etc., of New York, 87 N. Y. 452; Hoffeld v. City of Buffalo, 130 N. Y. 387, 393, 29 N. E. 747. It appeared upon the trial that, in the course of the grading, a retaining wall was constructed within the street line in front of the plaintiff's premises, and the referee has expressly found that the entire cost of building this wall to the entire height of the street was included in the grading assessment against the land of the plaintiff. In other words, if the assessment stands, the plaintiff will have to bear the whole cost of a wall, from which it is obvious that other landowners upon the street must also derive some benefit. "It certainly seems," as the learned referee says, "that the expense of building such a wall is a part of the whole expense of the entire work of grading, and should be assessed according to the benefits received by all the property benefited by such grading;" and I agree with him that in this respect the assessment was made upon a wrong principle. Singularly enough, there is nothing in the complaint in reference to this alleged illegality, nor was it established by proof; but the finding on the subject to which I have referred is not excepted to by the defendant, and the facts thus found appear to have been conceded by the defendant's counsel, in the course of the trial, as the referee states in his opinion.

2. The second ground upon which the learned referee pronounced the assessment illegal is not available to the plaintiff in the present action. The plaintiff was the relator in certiorari proceedings to review this very assessment, in the year 1895; and in those proceedings the precise alterations which he now claims constituted a material change in the grade of the street were alleged in his petition, and not controverted by the return. Nevertheless, the general term sustained the validity of the assessment on the merits. People v. Many, 89 Hun, 138, 35 N. Y. Supp. 78. It is true that the opinion recommended the quashing of the writ and the dismissal of the proceeding, but what the general term actually did was to adjudge that there was no error in the assessment, and to affirm the determination of the common council, as appears from the order of the court, which is printed in full in the record before us. Here, then, is an adjudication on this branch of the case,—i. e. the alleged unauthorized change

of grade,—which must be deemed conclusive against the plaintiff, who was the defeated relator in that proceeding; for the order of the general term confirmed the determination under review, instead of dismissing the writ, as was done in the case of People v. Common Council of Kingston, 101 N. Y. 82, 91, 4 N. E. 348. It is true that the common council of Mt. Vernon was the respondent in the certiorari proceeding, instead of the city of Mt. Vernon, which is the defendant here; but a decision in favor of the common council there against the same party who is plaintiff here, and upon the same issue, is available against him here, in behalf of the city, which is sued on account of the very action of the common council which was upheld in that case, on the same principle that, in a suit by a property owner against a municipal corporation to vacate an assessment, a judgment declaring such assessment void in a prior action by another property holder is evidence which establishes the invalidity of such assessment. Parsons v. City of Rochester, 43 Hun, 258.

The judgment, however, should be affirmed on the first ground. All concur.