(110 App. Div. 28)

### PEOPLE ex rel. BONNETT et al. v. CLARKE, Mayor, et al.

(Supreme Court, Appellate Division, Second Department.　December 29, 1905.)

MUNICIPAL CORPORATIONS — ASSESSMENTS FOR IMPROVEMENTS — OBJECTIONS —WAIVER.

　　A person interested in and in charge of property abutting on a street of a city, who united in a petition to the common council requesting the letting of a contract for curbing and guttering to a third person, waived the right to object to the assessment for the expense, because made before he had been required by notice from the city to do the work and failed to do so, as provided by Laws 1899, p. 152, c. 128, authorizing the common council to cause such work to be done and to lay an assessment therefor only after it has required by notice the property owner to do the work and he has failed.

　　[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1147–1151.

　　Certiorari by the people, on the relation of William D. Bonnett and others, against Henry S. Clarke, mayor, and others, constituting the common council of New Rochelle, to review an assessment for curbing and guttering in front of relators' property.　Determination confirmed.

　　Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

　　Fred L. Merritt, for petitioners.

　　William D. Sawyer, Corp. Counsel, for respondents.

　　JENKS, J.　This is a writ of certiorari to review an assessment upon relators' lands for work of curbing and guttering incidental to the widening of North street in the city of New Rochelle.　The city charter (chapter 128, p. 152, of the Laws of 1899) authorized the common council to cause this work to be done and to lay an assessment for the expenses thereof, provided that it first had required by notice the property owner to do the work, and the property owner had neglected or refused to act in compliance therewith.　Notice was given to the relators, and only after the expiring of the time prescribed by the notice and the default of the property owner was the action taken that is the basis of the assessment.　The various objections of the relators are based upon the proposition that mere notice, when compliance therewith was physically impossible, did not empower the common council to act as if the property owner was in default, and that the impossibility of compliance with the notice was due to the faults of the city; e. g., that it had not at the time of the notice acquired such an interest in the lands necessary to the widening as was required, or that it had not put the lands in proper physical condition for curbs and gutters.　There is no question that the city finally acquired the necessary lands, or that the work was done.

　　My view of the case renders it unnecessary to discuss the objections seriatim, for the reason that it appears from the return that after the receipt of the notice to do the work the relator Emma F. Bonnett, who is described in the return, without her dissent, "as a party in interest and the person in charge of the estate," united in a petition to the common council that it would contract for regulating, grading, and

paving North and other avenues in New Rochelle, and curb, guttering, and flagging on North avenue, to the Bellew & Merritt Company. I think that she thereby waived the right to object to the assessment, in that it is based upon a contract ordered by the city, at a time when the city could not make the contract because it had not afforded a practical opportunity to the relators to do this work. Conde v. City of Schenectady, 164 N. Y. 258, 58 N. E. 130; Loomis v. City of Little Falls, 66 App. Div. 299, 72 N. Y. Supp. 774; People ex rel. Keller v. Many, 89 Hun, 138, 35 N. Y. Supp. 78.

The assessment is sustained, and the determination confirmed, with costs. All concur.