## SUPREME COURT.

IN THE MATTER OF REPAVING FULTON STREET, in the city of Brooklyn, with Belgian Pavement.

The substitution of a new and different kind of pavement from that existing on a public street is not a *repair* of the street, and a *local assessment* may be laid for the expense thereof, even where the whole width of the street is not so repaved. The act of 1858 (*Laws of* 1858, *chap.* 338), does not apply to matters preliminary to the commencement of the proceedings in assessments, and through which jurisdiction is acquired. Objections that go to the *jurisdiction or power* to make the assessment, are not to be considered in the proceedings authorized by that act, and only irregularities or frauds in the making and laying the assessment.

*Kings county, September,* 1865.
*Before* WM. W. SCRUGHAM, *Justice.*

TWENTY-TWO petitions under act of 1858 (extended to embrace Brooklyn in 1862), to have assessments on petitioners for repaving with Belgian pavement vacated. Fulton street, having then a cobble-stone pavement, was repaved with Belgian pavement throughout its whole length. But the centre of the street, between the railroad tracks there laid, was not so repaved.

JESSE C. SMITH *and* P. V. R. STANTON, *for petitioners,*

contended that such repaving was only a repair of the street, and not a new paving, for the expense of which a local assessment could be laid. That the petition for the improvement was not signed by a sufficient number of property owners (à majority of the owners of land along the line of the improvement), &c.

JOHN G. SCHUMAKER, *Corporation Counsel, and*
SIDNEY J. LOWELL, *Assistant do., contra.*

That the statute under which these proceedings are brought (*Chap.* 338, *Laws* 1858), is intended only to apply to frauds or irregularities in the conducting of the proceedings by which an assessment is laid, after jurisdiction has been attained by the municipality, and does not apply to matters preliminary to the commencement of the proceedings, and through which jurisdiction is acquired.

SCRUGHAM, J. The petitioners seek to vacate the assessments by proceedings under chapter 338, of laws of 1858, and the act of 1862 making the provisions of that chapter applicable to the city of Brooklyn. The application is founded on alleged legal irregularities in the proceedings relative to the assessment. It is claimed that the work for which the assessment was laid was not a local improvement, the subject of local assessment, but the repair of a street which was chargeable upon the city generally, and that in making it the subject of an assessment an irregularity was committed. The improvement contemplated the removal of the whole of the existing pavement on each side of the railroad track, and the substitution for it of another of an entirely different character. For aught that appears, the existing pavement was at the time in good repair, and the object was not to make it better, but to

remove it altogether, and to substitute for it one of a better kind; thus improving the street by making the carriage way better than it could have been made by any repairs or alterations that could have been made in the existing pavement. The demolition of a structure, and its replacement by one of a different character, cannot be considered a repair of that structure.

Another alleged irregularity is, that the petitioners for the improvement did not constitute a majority of the persons owning the land situated on the line of the proposed improvement, each of such persons being the owner of at least one building lot on said line, of the usual size of city lots. This is not, in my judgment, one of those legal irregularities for which the act of 1858 was designed to afford a summary remedy. It relates to a matter preliminary to the assessment, and asserts a want of jurisdiction in the common council to make the improvement and the consequent assessment. Both of the irregularities complained of are of this character.

The common council of Brooklyn have no right or power to charge expenses of making repairs on existing improvements by local assessment, nor to undertake such an improvement as this except upon such a petition as is required by the statute, and their resolution or ordinance purporting to do so is not a mere irregularity but a nullity. Persons aggrieved by an assessment made in either of these cases, have a sufficient, easy and direct remedy by certiorari or action, and it was not necessary for their redress that any new proceeding should be authorized. It was, however, difficult before this act, for an individual whose property had been assessed by lawful authority, to get redress for damage he might sustain by reason of any fraud or irregularity in the proceedings of the assessors or others charged with making the assessment, and this act of 1858 was intended to afford such remedy. It does not authorize the annulling, as an entirety, of the whole assessment

shown on the assessment list, but only the vacation of the particular assessment against the property of the petitioner in the proceedings, and it provides for the reassessment of the land for such amount as would have been justly chargeable if fraud or irregularity had not been committed. This provision, and that in section 3, directing the officer having charge of the assessment lists to cancel thereon the vacated assessment, indicate that the act was not intended to apply to cases where an assessment could not be made for want of power or jurisdiction, for in that case the assessment list is a nullity, and a reassessment could not be made.

The motion of the petitioners to vacate the assessment is denied.