for that purpose under the law, is by such act of such committee. In the present instance the committee failed and neglected to act, and the time within which they could act has expired. An explanation is furnished, perhaps, by recalling that the law itself provides that the committee having the right to fill such vacancies is prohibited from selecting the name of any person who has been named as a candidate of any other party or independent body. Election Law, Laws 1896, p. 931, c. 909, § 66. It is clear that what could not be done directly cannot be done by indirection; and the effect of placing Mr. Brady's name under the name and emblem of the Independence League, as the result of a certificate filed by independent voters, would be to accomplish that which could not under the law have been accomplished if he had been named by the committee.

There being no provision of law for the filling of a vacancy in the manner attempted here, it follows that the vacancy created by the declination has not been filled, but that Mr. Brady is entitled to have his name placed in a separate column on the official ballot under a name and emblem to be selected according to law.

---

(52 Misc. Rep. 313.)

### In re STREET OPENING IN CITY OF BUFFALO.

(Supreme Court, Special Term, Erie County. December, 1906.)

EMINENT DOMAIN—TAKING LAND BY MUNICIPAL CORPORATION FOR STREET—
     APPOINTMENT OF COMMISSIONERS—NOTICE—PUBLICATION.

     Under Buffalo City Charter, Laws 1891, p. 225, c. 105. § 420, which requires that the notice of the application for the appointment of commissioners to ascertain the compensation for lands sought to be taken for a street shall be published "daily for two weeks in the official paper * * * at least ten days before the time when the application is to be made," at least ten days must elapse between the expiration of the two weeks of publication and the time of the application, or the subsequent proceedings will be void.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 496.]

In the matter of application of the city of Buffalo to acquire lands for the purpose of opening and laying out a street. Heard on motion on the part of the city for an order permitting it to file nunc pro tunc an affidavit of notice of service of an application for the appointment of commissioners. Denied.

Wm. B. Frye, for city of Buffalo.

Wallace Thayer and Daniel J. Kenefick, for property owners.

WHEELER, J. This is a motion on the part of the city for an order permitting it to file nunc pro tunc an affidavit showing the service by mail of notice of application for the appointment of commissioners in these proceedings. It is vigorously opposed, by counsel for certain landowners affected, on the ground that, for various reasons advanced, the entire proceedings are void. It is argued the court ought not to lend its aid toward sustaining any proceeding so circumstanced.

Among the objections urged is one that the city failed to give the

notice required to be given by section 420 of the city charter (Laws 1891, p. 225, c. 105) of its application to the court for the appointment of three commissioners to ascertain the just compensation to be paid for the lands to be taken. The section requires such notice to be given—

"By publishing such notice daily for two weeks in the official paper, by leaving a copy thereof at each inhabited building on such lands with a person of full age, and by serving a copy thereof personally on each person who, by the records of the Erie county clerk's office, appears to be the owner or mortgagee of such lands or any part of them, or by depositing it in the post office in the city with postage prepaid, addressed to him at Buffalo, at least ten days before the time when the application is to be made."

The record shows the application to the court was made on the 13th day of July, 1905, and that notice of this application was published in the official paper. The first publication of this notice was on June 23, 1905, and the last publication on July 10th, the original day named in the notice for application for the appointment of commissioners, although the proceeding was continued and the commissioners were appointed on the 13th of July. It thus appears that the last publication of notice was made on the very day named for application to the court. Such publication was not a compliance with the requirements of the section of the charter quoted. This section, or one identical in its language and provisions, was the subject of judicial construction in the case entitled Matter of Widening Carlton Street, 16 Hun, 500, and the court there held that the publication of the notice must be complete before the 10 days begin to run, so that a party interested, who might chance to see the notice on or near the last day of its publication, might still have time to procure himself to be represented before the court at which the commissioners are appointed. The court says the case is analogous to the service by publication of a summons, in which case it is held that the 20 days to answer do not commence to run until the expiration of the 6 weeks' publication; citing Doughty v. Hope, 1 N. Y. 79, and Westbrook v. Willey, 47 N. Y. 457. The Carlton Street Case was affirmed in 78 N. Y. 362, although on other grounds. The rule laid down in the Carlton Street Case is recognized and approved in Matter of Pennie, 45 Hun, 395, and same case reported on further appeal in 108 N. Y. 373, 15 N. E. 611. The defect in the want of time between the completion of the publication of notice of application for the appointment of commissioners and their appointment is absolutely fatal to all the subsequent proceedings.

This court would be disposed, under ordinary circumstances, to grant leave to file nunc pro tunc an affidavit showing a compliance with the charter in other respects; but the other defects are so vital to the awards made, and to any assessments which may be based upon them, and the consequences to the city are so serious if further steps are permitted with these proceedings as a basis, that it seems the clear duty of the court to even deny the motion here made, which is done without costs.