HORACE MORISON, executor, vs. ASSESSORS OF BROOKLINE.

Suffolk.    April 6, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Taxation,* Real estate tax: abatement, apportionment, payment. *Notice.*
*Sale,* Of real estate.    *Real Property,* Sale.

A former owner of a tract of land, sold by him, subsequent to the assess-
ment of a tax thereon, to a purchaser who subdivided it into lots which
he sold to various persons, was not entitled to challenge the validity
of an apportionment of such tax among the several lots under G. L.
(Ter. Ed.) c. 59, § 79, et seq., as amended, on the ground that neither
he nor certain of the owners of the lots received the notice of the
proposed apportionment prescribed by § 80; nor, after the appor-
tionment and payment of the entire tax as apportioned by the owners
of all the lots, was he entitled to file or prosecute an appeal to the Appel-
late Tax Board from a refusal of the assessors to abate the tax.
Upon a sale of real estate, a deduction allowed the purchaser from the
purchase price as an adjustment to cover the part of an outstanding
tax proportionate to the period from the assessment date to the date
of the sale gave the seller no standing as one who had made a part
payment of the tax to the town.

APPEAL from a decision by the Appellate Tax Board.

*S. D. Ferguson,* for the taxpayer.

*E. L. Twomey,* for the assessors.

RONAN, J.    This is an appeal from a decision of the
Appellate Tax Board dismissing an appeal from the refusal
of the assessors to grant an abatement of the tax for 1941
upon real estate in Brookline which the appellant owned
on January 1, 1941.    The tax was assessed to the appellant.

The appellant owned a large tract of land in Brookline
which he conveyed on April 1, 1941, to one Rhodes, who
assumed liability for the payment of the tax and was credited
with the sum of $1,152.02 from the purchase price as an
adjustment to cover the proportionate share of the tax
for the period from January 1, 1941, to April 1, 1941.    The
tax for 1941 upon this realty amounted to $4,151.25.    The
land was subdivided by the purchaser into sixteen lots and

sold to various persons. Two of these persons on July 1, 1941, filed with the assessors, in accordance with G. L. (Ter. Ed.) c. 59, § 79, as amended by St. 1938, c. 150, § 1, a written request, containing the names and addresses of all the other owners, for an apportionment of the tax. The assessors did not send any notice of the filing of this request or of the time appointed for making the apportionment "to every person interested in said real estate whose address is known to them." G. L. (Ter. Ed.) c. 59, § 80. The assessors apportioned the tax among the several lots on July 11, 1941, and tax bills were sent to the owners of these respective lots. The appellant filed an application for an abatement with the assessors on July 16, 1941, in which he stated that the real estate was assessed at more than its fair cash value. The assessors took no action upon this application. The owners of thirteen lots paid the taxes apportioned to them and each secured an abatement upon his tax. Three other owners of the subdivided lots paid the taxes as apportioned to their lots. The appellant on October 17, 1941, notified the collector of taxes that he objected to the granting of abatements to the lot owners. When the appellant filed his appeal with the Appellate Tax Board on February 11, 1942, the entire tax as apportioned among the various lots comprising the original tract had been paid. The Appellate Tax Board granted the motion of the assessors to dismiss the appeal because the appellant had not been aggrieved by the tax assessed to him.

The tax upon the entire tract of land was properly assessed to the appellant. G. L. (Ter. Ed.) c. 59, § 11, as appearing in St. 1939, c. 175. *Crocker-McElwain Co.* v. *Assessors of Holyoke,* 296 Mass. 338. *Assessors of Weston* v. *Trustees of Boston College,* 296 Mass. 399. *Irving Usen Co. Inc.* v. *Assessors of Boston,* 309 Mass. 544. Prior to the amendment of G. L. (Ter. Ed.) c. 59, § 59, by St. 1933, c. 165, § 1, an application for an abatement could have been filed only by a person "aggrieved by the taxes assessed upon him" or, in certain circumstances, by a tenant of real estate paying rent therefor and obligated to pay not less than one half of

the tax. *Hough* v. *North Adams*, 196 Mass. 290. *Dunham* v. *Lowell*, 200 Mass. 468. *Mechanics Savings Bank* v. *Collector of Taxes of Holyoke*, 299 Mass. 404. The tax was regarded as the primary obligation of the owner, and the lien upon the land was considered as security for the payment of the tax. *Kearns* v. *Cunniff*, 138 Mass. 434. *Richardson* v. *Boston*, 148 Mass. 508. *Webber Lumber Co.* v. *Shaw*, 189 Mass. 366. *Shruhan* v. *Revere*, 298 Mass. 12. Since the amendment of this section in 1933, one, other than the person to whom the tax was assessed, if he is the owner or has an interest in the land assessed or is in possession thereof, may pay the tax and "may thereafter prosecute in his own name any application, appeal or action provided by law for the abatement or recovery of such tax" and shall, for the purposes of such proceedings, be deemed to be the person to whom the tax had been assessed. After the amendment by St. 1939, c. 250, a mortgagee paying a certain portion of the tax may, within a certain period of time, bring similar proceedings provided the person assessed has not commenced such proceedings. One of the purposes of this section is to afford an opportunity to those who have an interest in the property to secure relief from an excessive or illegal tax and to eliminate a hardship existing where the right, with the above exception, rested exclusively with the person assessed. Another purpose is to limit the previous right of the person assessed to avail himself of the remedies for an abatement or recovery of the tax where the tax was paid by the owner or a person having an interest in the realty or in possession of it or where a mortgagee, under the conditions stated, could invoke the remedy created by this section. The right to relief having been extended to the classes of persons designated, the section seeks to avoid duplication of proceedings by the person assessed and by others entitled to bring such proceedings. The limitation upon a mortgagee's bringing proceedings if the person assessed has not already done so is not imposed upon the other persons described who have paid the tax. In the latter case, the right to seek relief accrues upon the payment of the tax. *Choate* v. *Assessors*

*of Boston,* 304 Mass. 298. *Boston Five Cents Savings Bank* v. *Assessors of Boston,* 311 Mass. 415.

The original tract of land was divided by the purchaser into sixteen lots. The owners of two of these lots, in accordance with G. L. (Ter. Ed.) c. 59, § 79, as amended by St. 1938, c. 150, § 1, requested the assessors to apportion the tax and the assessors, although they knew the names and addresses of the owners of the remaining lots, failed to mail a notice to them stating that a request for an apportionment had been made and the time appointed for making the apportionment, as required by G. L. (Ter. Ed.) c. 59, § 80, which provides that such notice shall be mailed "to every person interested in said real estate whose address is known to" the assessors. The appellant received no notice of the apportionment, which was made on July 11, 1941. Bills for the tax as apportioned were sent to the various lot owners. The appellant filed his application for an abatement after this apportionment was made. He contends that the apportionment was void because notice as prescribed by § 80 was not given by the assessors. The appellant has no right to challenge the validity of the apportionment on the ground that notice was not sent to some of the owners of the lots into which the land was divided. There was no privity between him and them. They were strangers to him in reference to the apportionment of the tax. *Lampasas* v. *Bell,* 180 U. S. 276, 284. The appellant could defend his own rights but he has no standing to defend the rights of strangers who had not been notified. *McGlue* v. *County Commissioners of Essex,* 225 Mass. 59. *Hogarth–Swann* v. *Weed,* 274 Mass. 125. *Mullholland* v. *State Racing Commission,* 295 Mass. 286. The requirement of notice was for the benefit of the owners of the various lots in order that they might appear and be heard as to the amount of the tax that should be apportioned to their respective lots. They, and not the appellant, were the parties directly and immediately interested in the distribution of the burden of the tax that had been assessed upon the original tract of land. The assessors had the power to make the apportionment, and the failure to give notice to some

of the lot owners was an irregularity which, the record shows, had been waived by them. The apportionment was valid. *Pitman* v. *Medford*, 312 Mass. 618, 622–623, and cases cited.

The appellant was not entitled to notice of the apportionment. The only matter before the assessors was to shift the burden of the tax from the original owner, to whom the entire tax had been assessed, in proportional parts to the owners of the lots. The appellant was not interested in the amount of the tax that was to be borne by each of the lot owners. He was not entitled to be heard on that question. He had already parted with all his right, title and interest in the entire tract and, as a result of the apportionment, he was released from all personal liability for the payment of the tax that had been assessed to him. He was in no way prejudiced by the action of the assessors in making the apportionment. See G. L. (Ter. Ed.) c. 59, § 79, as amended by St. 1938, c. 150, § 1; *Rogers* v. *Gookin*, 198 Mass. 434.

The appellant contends that, as a result of the apportionment, he lost the right to control and supervise the prosecution of his appeal for an abatement of the tax before the Appellate Tax Board. The short answer to that contention is that he had no right to file or prosecute such an appeal. At the time the appeal was entered the tax had been apportioned and paid. No property owned by the appellant was encumbered by the tax and he had been relieved of personal liability to pay. There is nothing in *Hamilton Manuf. Co.* v. *Lowell*, 274 Mass. 477, that aids the appellant. There the tax that was assessed to the company was not paid when the application for abatement was filed. At that time it was not apparent that the burden of this tax might not have to be borne by the company, notwithstanding the existence of an executory agreement for the sale and purchase of the taxed property which was outstanding when the assessment was made in which the purchasers agreed to assume the tax. When the property was conveyed subsequently to the assessment date and the tax was paid by the purchasers and by those to whom they had sold portions of the prop-

erty, the abatement proceedings continued in the name of the company to a successful conclusion, not for its benefit but solely for the benefit and at the expense of those who had paid the tax. The case arose before the amendment in 1933 of G. L. (Ter. Ed.) c. 59, § 59. The case is certainly not an authority for the proposition that the one assessed for a tax that has been fully discharged by the purchasers of the property has any valid claim for reimbursement of a part of the tax.

In the next place, the adjustment between the appellant and his grantee in reference to the tax did not constitute a part payment of the tax, as the appellant contends it did, whatever its effect was between him and the purchaser. *Preble* v. *Baldwin*, 6 Cush. 549. *Nichols* v. *Bucknam*, 117 Mass. 488. *Phinney* v. *Foster*, 189 Mass. 182. *J. L. Hammett Co.* v. *Alfred Peats Co.* 217 Mass. 520. What the appellant sold and was paid for was a parcel of land the value of which was diminished by the tax lien. *Natick Five Cents Savings Bank* v. *Bailey*, 307 Mass. 500. He advanced no money for the payment of the tax. The collector of taxes was not bound by any such adjustment, and if there had been no apportionment and the tax had remained unpaid the appellant would not be entitled, in an action by the collector to recover the tax, to set up as a credit the amount of the adjustment he had made with the purchaser. The appellant, who never paid any part of the tax to the town and whose liability for the tax has been fully discharged by a valid apportionment of the tax to others who have paid the tax, was not a person aggrieved by the assessment of the tax to him as the owner on January 1, 1941, and proves no right to seek an abatement of the tax. There was no error in dismissing his appeal. *Lawless* v. *Reagan*, 128 Mass. 592. *Hough* v. *North Adams*, 196 Mass. 290. *American Can Co.* v. *Milk Control Board*, *ante*, 156, 161.

*Appeal to the Appellate Tax Board dismissed.*