GENERAL REALTY IMPROVEMENT COMPANY *v.* CITY OF NEW HAVEN

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued October 3—decided November 8, 1946

*Louis Feinmark,* with whom, on the brief, was *Lazarus Heyman,* for the plaintiff.

*Maurice C. Resnik* and *William L. Beers,* with whom, on the brief, was *George G. DiCenzo,* for the defendant.

JENNINGS, J. General Statutes, Sup. 1941, § 165f, is entitled "Remedy when property wrongfully assessed" and provides that "When it shall be claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof, prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the court of common pleas. . . . Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation . . . and the pendency of such application shall not suspend action upon the tax against the applicant. In all such actions, the court of common pleas shall have power to grant such relief upon such terms and in such manner and form as shall to justice and equity appertain . . . ." The question in the case is whether the plaintiff is the "owner" of the property in question within the meaning of the statute. It is raised by the plaintiff's demurrer to the defendant's special defense.

The complaint alleges that Yale University owned a certain piece of property in New Haven on June 1, 1944, that the assessment upon it was manifestly

excessive under the statute cited and that the tax based thereon had not been paid. It further alleges that the property, by mesne conveyances dated November 30, 1944, November 30, 1944, and January 12, 1945, came to the plaintiff. Each grantee, including the plaintiff, assumed and agreed to pay the taxes on the list of 1944.

The defendant filed an answer admitting all of the allegations of the complaint except the excessive assessment and also filed a special defense. This alleges that the assessment date in New Haven is June 1 of each year, that Yale University's first grantee not only assumed the taxes on the list of 1944 but was allowed a deduction from the agreed purchase price based thereon, that Yale University is directly liable for the taxes on the list of 1944 and that the plaintiff is not an aggrieved party within the meaning of the statute. The word "aggrieved" has been treated by both parties as the equivalent of "proper."

The plaintiff demurred to the special defense substantially on the ground that the facts alleged therein, admitted by the demurrer, were insufficient to deprive it of its status as an aggrieved person, privileged to question the assessment. The trial court reserved the ruling on the demurrer for the advice of this court.

The history and construction of this statute, originating in Public Acts, 1921, chapter 302, has been discussed in several Connecticut cases, most recently in *Fenwick* v. *Old Saybrook,* 133 Conn. 22, 47 A.2d 849. The point here involved, whether a grantee who has assumed the tax is the "owner" within the meaning of the statute, was in issue in none of them. Cases from other states are not particularly helpful

because of the different phraseology employed in the pertinent statutes. "The word 'owner' has no fixed meaning but must be interpreted in its context and according to the circumstances in which it is used." *Warren* v. *Borawski,* 130 Conn. 676, 679, 37 A.2d 364.

The statute provides that when property has been wrongfully assessed the owner thereof may apply for relief within the time limited. There is no ambiguity in this statement insofar as the plaintiff is concerned. It claims the property was wrongfully assessed, it is "the owner thereof" and it has applied for relief within the time limited. The plaintiff is the "owner" within the meaning of the statute unless its full context or other circumstances limit that meaning. Any limitation upon such a clear statement must be definitely expressed to be persuasive. "It clearly is incumbent upon any litigant desiring to limit the general and inclusive import of [a] word to show something in the context of the statute or some general course of interpretation in like matters, sufficient logically to justify a restriction in the meaning of the term." *Tolli* v. *Connecticut Quarries Co.,* 101 Conn. 109, 115, 124 A. 813; see also *Yale University* v. *New Haven,* 71 Conn. 316, 329, 42 A. 87; *Corbin* v. *Baldwin,* 92 Conn. 99, 114, 101 A. 834; *State ex rel. Kirby* v. *Board of Fire Commissioners,* 129 Conn. 419, 424, 29 A.2d 452.

The brief of the defendant is limited in scope. It is first suggested that the definitions of the parties entitled to appeal in General Statutes, §§ 1200 and 1201, indicate a legislative intent to make a distinction between two classes of appellants. Section 1200 grants a right of appeal to "any person claiming to be aggrieved"; § 1201, as amended by Sup.

1941, § 165f, grants a right of appeal to an "owner." It does not follow, as claimed by the defendant, that the word "owner" in the latter means owner on the assessment date. The statute may be paraphrased to read "When an owner claims to be aggrieved because his property is wrongfully assessed" etc.

The Massachusetts statute on which the cases cited by the defendant depend was worded "a person aggrieved by the taxes assessed upon him." See, for example, *Dunham* v. *Lowell,* 200 Mass. 468, 86 N. E. 951. The cases are not in point. The effect of changes in the Massachusetts statute is noted in *Morison* v. *Assessors of Brookline,* 313 Mass. 746, 747, 49 N. E.2d 237. It is also stated by the defendant that the owner against whom the assessment is made is the only one personally liable for the taxes. This was true when the suit was brought; *Ashley Realty Co., Inc.* v. *Metropolitan District,* 132 Conn. 551, 556, 46 A.2d 13; but its relation to the point under discussion is not obvious nor is it pointed out in the brief. Furthermore, it is no longer true. General Statutes, Sup. 1945, § 281h, makes personally liable a purchaser who assumes the taxes prior to the due date. This act was passed subsequent to the present controversy and is not controlling but a subsequent legislative act may throw light on the legislative intent of a former related act. *Blanos* v. *Kulesva,* 107 Conn. 476, 479, 141 A. 106.

Finally, the defendant claims that the plaintiff's position is inequitable. This is relevant, for the statute merely codified an equitable principle (*Cohn* v. *Hartford,* 130 Conn. 699, 704, 37 A.2d 237) which existed prior to the enactment of the statute. *Seeley* v. *Westport,* 47 Conn. 294, 297. The statute gave to

the court all of the authority it had under its general equitable powers. *Cohn* v. *Hartford,* supra. The equities favor the plaintiff rather than the defendant. If the plaintiff cannot sue and Yale University declines to sue, the plaintiff, if the facts alleged in the complaint are true, will be obliged to pay an illegal tax. States of fact can be imagined under which the plaintiff, if successful, might become unduly enriched. That should not preclude its right to test the validity of the assessment if in fact it was illegal. See *Matter of Gantz,* 85 N. Y. 536, 538; *Matter of Pennie,* 108 N. Y. 364, 374; *Worcester* v. *Boston,* 179 Mass. 41, 47, 60 N. E. 410. None of the reasons advanced by the defendant require that the plaintiff be prevented from trying out the claim under discussion on the merits.

The Court of Common Pleas is advised to sustain the demurrer.

Costs will be taxed in favor of the plaintiff.

In this opinion the other judges concurred.