[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ON MOTION TO DISMISS
The defendant moves to dismiss on the ground that the court lacks jurisdiction over this tax appeal because the plaintiff has not alleged ownership of the subject property and CT Page 7264 because plaintiff failed to summon the Board of Tax Review, and alleged necessary party.
On April 2, 1991, the plaintiff, B G Realty, commenced this tax appeal against the defendant Town of Windsor Locks. Plaintiff is appealing a tax assessment of real property it owns which is located in Windsor Locks. This appeal is brought pursuant to Conn. Gen. Stat. 12-118 which provides that:
 Any person, . . . claiming to be aggrieved by the action of the Board of Tax Review in any town . . . may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said Court . . . .
Conn. Gen. Stat. 12-118 (rev'd to 1990); P.A. 89-231-4; P.A. 90-266 4.
Plaintiff, in its application, claims that on October 1, 1990, the Assessor of the Town of Windsor Locks assessed plaintiff's property at $2,209,550.00. Whereupon plaintiff appealed to the Board of Tax Review (the Board) for the town of Windsor Locks and requested a reduction of the assessment. On February 28, 1991, the Board lowered the assessment to $1,880,520.00. Subsequently, plaintiff brought this appeal pursuant to Section 12-118.
Defendant has filed a motion to dismiss arguing that the court lacks jurisdiction because plaintiff has not alleged continuous ownership of the subject property, and because plaintiff failed to name the Board of Tax Review, an alleged necessary party, as a defendant. Plaintiff has filed a memorandum of law in opposition to the motion to dismiss.
A motion to dismiss tests whether the court has jurisdiction over the subject matter. Conn. Practice Book 143(1) (rev'd to 1978, as updated to October 1, 1990); Upson v. State, 190 Conn. 622, 624 (1983).
Defendant's first argument is that the allegation that "the [plaintiff] was the owner of [the subject] real property" is insufficient to maintain this appeal. Defendant argues that plaintiff must allege that it "continues as owner of said premises." Defendant cites E. Ingraham Co. v. Bristol,146 Conn. 403, 407 (1959), for the proposition that "the CT Page 7265 plaintiff must [sic] be the owner of the property at the date of institution of the action." However, the cited portion of the E. Ingraham Co. case is not relevant because it is the Supreme Court's discussion concerning the right to relief under Conn. Gen. Stat. 12-119, whereas, in the case at bar, this appeal was brought pursuant to section 12-118. The remedies embodied in sections 12-118 and 12-119 are dissimilar. Tucker v. Hartford, 15 Conn. App. 513,517 (1988).
Moreover, it is not necessary for a plaintiff to prove that it "was and continues to be the owner of the subject property" in order to maintain an appeal brought pursuant to section 12-118. See General Realty improvement Co. v. New Haven, 133 Conn. 238 (1946); Resnik v. City of New Haven,12 Conn. Sup. 47 (C.P. 1943).
In order to maintain an appeal under section 12-118, a party's allegation that it was properly before the Board of Tax Review, and received an adverse decision is sufficient. Lerner Shops of Connecticut, Inc. v. Waterbury, 151 Conn. 79,83 (1963). As the plaintiff has made the requisite allegations, (Application para. 15, 6) we find that the plaintiff has standing.
Defendant's second argument is that section 12-118
requires that the Board of Tax Review be summoned as a defendant. Defendant cites no legal authorities in support of this contention.
The statutory language explicitly requires that the town or city be cited in and does not require that the Board of Tax Review be cited in Conn. Gen. Stat. 12-118. The Supreme Court has ruled that in this type of tax appeal, the town or city is the proper and necessary defendant, and the Board of Relief (predecessor entity to the Board of Tax Review) is not. Montgomery v. Branford, 107 Conn. 697, 700
(1928).
We conclude, therefore, that this court has jurisdiction. Accordingly, the motion to dismiss is denied.
M. Hennessey, J.