[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS # 102
May 2, 1992, Abdallah El Hachem, the plaintiff applicant, appealed from the action of the defendant Town of Morris, Connecticut (the "Town"), and the Town's Board of Tax Review (the "Board"). The plaintiff contests the defendant's tax assessment of plaintiff's real property.
The three count appeal pertains to plaintiff's real property known in part as 122 Thomaston Road. Count one is an appeal from an allegedly excessive assessment pursuant to General Statutes Section12-118. Count two alleges an unlawful assessment pursuant to Connecticut General Statutes Section 12-119. In count three the plaintiff appeals the assessors termination of farmland classification pursuant to General Statutes Section 12-107c.
On July 31, 1992, the defendant Board filed a motion to dismiss so much of the first count as relates to the denial of farmland classification and count three for plaintiff's failure to file a complete and timely application for farmland classification with the Town Assessor as required by General Statutes Section 12-107c. On September 9, 1992, the plaintiff filed a memorandum in opposition to the motion to dismiss.
The following facts are pertinent to this motion. Mr. Paletsky, the lessee and claimed agent of the owner Abdallah El Hachem, filed an application with the assessor on October 25, 1991. The application did not disclose any lease CT Page 9855 information except that Mr. Paletsky was the lessee. The application was accompanied by a photocopy of a letter dated October 22, 1991 from Lagos, Nigeria, purportedly signed by the owner Abdallah El Hachem, and addressed to his attorney, authorizing Mr. Paletsky to apply for farmland classification for the owner's property in East Morris. The letter was not addressed to either Mr. Paletsky or the Town Assessor. In addition, the amount of land for which classification was sought was not disclosed and no farm lease, crop or farm income data was specified.
On December 31, 1991, the last day of the application period, the Assessor denied the application as inadequate as to form and contents. Thereafter, Mr. Paletsky applied to the Board as the owner's agent, appealing the Assessor's denial of farmland classification as well as the values on the outbuildings. Attached to the appeal form was a Connecticut durable power of attorney dated January 14, 1992, which was granted after the application deadline. The power of attorney was specifically limited to "all other matters; specifically including challenging tax assessments, and valuation represented by the Town of Morris, Connecticut." The power did not include any of the general powers, and did not refer in any way to the application for farmland classification or ratification of the prior application. On March 21, 1992, the Board dismissed the appeal. The owner appealed to this court by citation served on the Town Clerk on May 18, 1992.
The motion to dismiss is provided for in Practice Book Sections 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book Section 143. "Appeals to the courts from the decisions of administrative officers exist only under statutory authority." Park city Hosp. v. Comm'n on Hospitals and Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989). Such rights must be exercised strictly in accordance with the statute which created them. Citizens Against Pollution, Northwest Inc. v. Connecticut Siting Council, 217 Conn. 143, 152,584 A.2d 1183 (1991). When a plaintiff fails to comply with the application requirements of General Statutes Section 12-107c
plaintiff has waived his statutory right to review by this court as to the issue of farmland classification and may only appeal as to general assessment values. Dickau v. Town of Glastonbury, 156 Conn. 437,441, 242 A.2d 777 (1968). "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701,710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be CT Page 9856 dismissed." Practice Book Section 145. See also Castro v. Viera,207 Conn. 420, 429-30, 541 A.2d 1216 (1988).
In defendant's memorandum in support of the motion to dismiss, the defendant contends Mr. Paletsky lacks standing to apply under Section 12-107c as the lessee of plaintiff's property because he was not personally aggrieved. In addition, defendant contends that Mr. Paletsky did not have standing to apply as the plaintiff's purported agent because General Statutes Section 12-107c(a) specifically authorizes only "an owner of land" to apply for farmland classification.
The plaintiff contends that Mr. Paletsky, acting as his duly authorized agent had standing to act on his behalf. In addition, plaintiff contends that since the assessor waited until the last day to deny the application, plaintiff has a right to petition the the decision of the Town of Morris. A lessee does not have standing to apply under Section 12-107C because a lessee is not personally aggrieved. Lerner Shops of Connecticut, Inc. v. Town of Waterbury,151 Conn. 79, 84, 193 A.2d 472 (1963). Moreover, General Statutes Section 12-107C provides:
 an owner of land may apply for its classification as farm land on any assessment list of a municipality by filing a written application for such classification with the assessor of such municipality not earlier than thirty days before nor later than thirty days after the date of such assessment list, provided in a year in which a revaluation of all real property in accordance with section 12-62 becomes effective such application may be filed not later than ninety days after the assessment date in such year. . . . An application for such classification of land as farm land shall be made upon a form prescribed by the secretary of policy and management. . . .
Conn. Gen. Stat. Sect. 12-107c. CT Page 9857
The interpretation of legislation presents a question of law. Southington v. State Board of Labor Relations, 210 Conn. 549, 559,556 A.2d 166 (1989). In the construction of statutes, words and phrases shall be construed according to the commonly approved usage of the language. General Statutes Section 1-1(a); Cos Cob Vol. Fire Co. No. 1 Inc. v. FOIC, 212 Conn. 100, 105, 561 A.2d 429 (1989). Where the language used by the legislature is plain and unambiguous, there is no room for statutory construction by the courts and the statute will be applied as its words direct. Kelemen v. Rimrock Corp., 207 Conn. 599, 606, 542 A.2d 720 (1988).
General Statute Section 12-107c(a) specifically authorizes only "an owner of land" to apply for farmland classification, in contrast with other assessment statutes which, for instance, authorize the owner or his "agent or attorney" to file personal property lists. General Statutes Section 12-50; or "any person . . . either in person or by his attorney or agent" to appeal to the Board of Tax Review. General Statutes Section 12-113. Furthermore, "owner" is not defined in the Tax Assessment portion of the General Statutes nor is the term defined in General Statutes Section 1-1, therefore, common usage must be applied. Webster's Third New International Dictionary defines "owner" as "one that owns; one that has the legal or rightful title whether the possessor or not." The legislature did not enlarge upon this specific meaning. Indeed, the fact that the legislature specifically made reference to other parties such as agent or attorney in other Tax Assessment Statutes suggests that when not so provided the term "owner" will be limited to "owner," the one who has title.
As a result, Mr. Paletsky cannot file for farmland classification on behalf of the plaintiff. Thus, the plaintiff has failed to comply with the application requirements of General Statutes Section 12-107c and has waived his statutory right to review by this court as to the issue of farmland classification. Dickau, supra, 441. Accordingly, for the foregoing reasons defendant's motion to dismiss is granted.
Pickett, J.