[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
CT Page 8094
Pro se plaintiff.
Ruggiero, Ziogas Allaire for defendant.
On April 5, 1994, the plaintiff, J. Wyatt Uhlein, commenced this tax appeal against the defendant, the Town of Litchfield. In his application, the plaintiff alleges that he is the owner of a cabin at 34 Old Hollow Road in Litchfield. The plaintiff states that he is the owner of the cabin by virtue of two deeds, one dated May 4, 1950 from G. Vondermuhl to H. Guion and another dated August 1, 1983 from H. Guion to the plaintiff. The plaintiff states that neither of these deeds were recorded. The plaintiff alleges further that the cabin is on land owned by the Marshepaug Forest Inc., and which is leased to the plaintiff. This lease is allegedly recorded in the Litchfield land records.
The plaintiff states that in January 1994 the tax assessor of Litchfield raised the assessment on the cabin from $4,910 to $18,750 on the Grand List of October 1, 1993. On February 15, 1994, the plaintiff appealed this assessment to the Board of Tax Review, but was denied relief. In a two count application, the plaintiff, acting pro se, appeals from that action. The plaintiff claims relief pursuant to General Statutes § 12-117a and § 12-119, respectively.[1]
The defendant has now filed a motion to dismiss both counts of the plaintiff's application on the ground that the plaintiff lacks standing to appeal the assessment and therefore the court lacks subject matter jurisdiction. Pursuant to Practice Book § 143, each party has filed a memorandum in support of their respective claims of law. The motion to dismiss is provided for in Practice Book Sections 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter.Practice Book § 143. It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Unisys Corporation v. Department of Labor,220 Conn. 689, 692, 600 A.2d 1019 (1991). "Standing is the legal right to set judicial machinery in motion. One CT Page 8095 cannot rightfully invoke the jurisdiction of the court unless he has . . . . a legal or equitable right, title or interest in the subject matter of the controversy." Id., 693. In determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction shall be indulged. Miko v. Commissioner on Human Rightsand Opportunities, 220 Conn. 192, 198, 596 A.2d 396
(1991).
Count I
General Statutes § 12-117a, (formerly § 12-118) in pertinent part, provides:
 . . . . [A]ny person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of the lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review . . . . may . . . . make application, in the nature of an appeal therefrom, to the superior court . . . .
(Emphasis added.) General Statutes § 12-117a.
The defendant argues that the court should dismiss count one of the plaintiff's complaint because the plaintiff is not the record owner of the subject cabin and the plaintiff has no lease for the building. However, it is not necessary for the plaintiff to prove that he was the record owner of the subject property in order to maintain an appeal brought pursuant to General Statutes § 12-117a. see GeneralRealty Improvement Co. v. New Haven, 133 Conn. 238,50 A.2d 59 (1946); B G Realty, Inc. v. Town of Windsor Locks,6 CSCR 890 (August 22, 1991, Hennessey, J.). In order to maintain an appeal under section 12-117a, a party's allegation that it was properly before the Board of Tax Review, and received an adverse decision is sufficient. Lerner Shops of Connecticut, Inc. v. Waterbury,151 Conn. 79, 83, 193 A.2d 472 (1963). In count one of his application, the plaintiff has made the requisite allegations, therefore, the plaintiff has standing. The defendant's motion to dismiss count one is denied.
Count II
 General Statutes § 12-119 provides: When it is claimed . . . . that a tax laid on CT Page 8096 property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof or any lessee thereof whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes . . . . may . . . . make application for relief to the superior court for the judicial district in which such town or city is situated.
(Emphasis added.) General Statutes § 12-119.
The defendant argues that the court should dismiss count two of the plaintiff's application because the plaintiff is not the record owner of the cabin and the plaintiff no lease for the building. In opposition, the plaintiff argues that the cabin and land are leased to the applicant by a lease which was assigned to the plaintiff on August 1, 1983. The lease and its assignment are allegedly recorded in the Litchfield land records. Therefore, the plaintiff concludes that he has standing under the statute as a "lessee who has recorded."
The plaintiff, however, is challenging the tax assessment on the cabin at 34 Old Hollow Road, not on the leased land. The plaintiff has not alleged that he has a lease on the cabin. To the contrary, he has pled that he owns the cabin. Therefore, the plaintiff does not have standing as a "lessee who has recorded" pursuant to General Statutes § 12-119.
The next determination for the court is whether the plaintiff is the "owner" of the cabin at 34 Old Hollow Road for purposes of bringing an action pursuant to General Statutes § 12-119. In his application, the plaintiff alleges that he is the owner of the cabin yet admits that the deeds which purportedly gave him ownership of the cabin were not recorded. The defendant therefore argues that the plaintiff is not the record owner of the cabin and does not have standing to appeal the tax assessment. CT Page 8097
The term "owner" is not defined in the Tax Assessment portion of the General Statutes nor is the term defined in General Statutes Section 1-1, therefore, common usage must be applied. Webster's Third New International Dictionary defines "owner" as "one that owns; one that has the legal or rightful title whether the possessor or not." see El-Hachem v. Town of Morris,7 CSCR 1307 (October 30, 1992, Pickett, J.). The plaintiff has alleged that he is the rightful, albeit unrecorded, owner of the cabin. Furthermore, the defendant has failed to attach any affidavits or evidentiary proof in support of its contention that the plaintiff is not the "owner" of the subject cabin. In such a case, the court admits all well pled facts and construes the complaint most favorably to the plaintiff. Duguay v. Hopkins,191 Conn. 222, 227, 464 A.2d 45 (1983). Moreover, the defendant has failed to provide any authority, nor has the court found any, which suggests that a rightful owner of property who fails to record his or her deed is precluded from bringing an appeal superior court pursuant to General Statutes § 12-119.[2]
For all of the foregoing reasons, the court concludes that for purposes of bringing an appeal pursuant to § 12-119, the plaintiff is the "owner" of the subject cabin and therefore, has standing. The defendant's motion to dismiss count two is denied.
In summary, the defendant's motion to dismiss both counts of the plaintiff's application is denied.
PICKETT, J.