[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These are real estate tax appeals originally commenced by a limited partnership. The limited partnership subsequently dissolved and the property was conveyed to third parties during the pendency of these appeals.
The defendant town filed motions to dismiss both of these actions claiming that when the limited partnership dissolved, the plaintiff lost its standing to appeal. The defendant claims that the plaintiff cannot amend the pleadings to add subsequent owners as parties to these actions.
Connecticut General Statutes § 34-31[1] provides for an order of distribution of the assets of a limited partnership upon its dissolution. We are guided in these cases by General Realty ImprovementCo. v. New Haven, 133 Conn. 238, 50 A.2d 59 (1946). In General Realty, the taxpayer, Yale University, owned the property as of June 1, the date of the 1944 grand list. The property was conveyed several times after June 1, 1944, with all grantees, including General Realty Improvement Co., agreeing to pay the taxes on the June 1, 1944 grand list. General Realty filed a tax appeal on the 1944 list. The defendant claimed that a subsequent grantee was not an aggrieved party since it did not own the property as of the June 1, 1944 assessment date. The court in GeneralRealty concluded that a subsequent purchaser can be an aggrieved party for the purposes of a tax appeal. Id., 241.
Pursuant to § 34-31, the general partner of the plaintiff, Robert Beaver, acquired the assets of the limited partnership and conveyed the partnership real property to Arthur Frattini. As a distributer of the assets of the plaintiff Beaver, and subsequently Frattini, acquired all of the rights of the partnership to prosecute these appeals.
Accordingly, the motions to dismiss for lack of aggrievement are denied. The plaintiffs motion to add Robert E. Beaver, Jr., and Arthur Frattini as party plaintiffs in docket no. CV 96 0110597 is granted.[2]
CT Page 9192
Arnold W. Aronson Judge Trial Referee